UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY,<br><br>Plaintiff,<br><br>v.<br><br>DAWN BUSS,<br><br>Defendant. | CAUSE NO. 3:26-CV-524-HAB-ALT |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion to remand this case to State court. ECF 10. Section 1441(a) allows for removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A federal court must remand the case back to State court based on properly objected-to procedural defects or a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *Homstrom v. Peterson*, 492 F.3d 833, 836 (7th Cir. 2007). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). "The plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v Williams*, 482 U.S. 386, 392 (1987).

On February 11, 2026, Mayberry initiated this case against Defendant Buss in the La Porte Circuit Court, primarily seeking an injunction requiring her to provide him with copies of legal documents within forty-eight hours of his requests. ECF 5. In the complaint, Mayberry designates his sole claim as "Count I: State Law: Negligence," though he references federal law in two paragraphs:

> **<u>Introduction</u>**
>
> * * *
>
> 2. I am suing Buss in her official capacity for emergency and permanent injunctive relief requiring her to comply with her duty under State or federal law to provide me with copies for legal correspondence, and to reimburse me any costs I incurred in bringing this action.
>
> * * *
>
> **<u>Count I: State Law: Negligence</u>**
>
> * * *
>
> 13. Buss, in her official capacity owes me a common-law duty under State and federal law and IDOC policy to provide me with copies for legal correspondence.

*Id*. at 2, 4. On April 20, 2026, Defendant Buss filed a notice of removal, asserting that Mayberry had raised claims under Section 1983 and the Indiana Tort Claim Act (ITCA). ECF 1. She further asserted that that the court has federal question jurisdiction over the Section 1983 claim pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the ITCA claim pursuant to 28 U.S.C. § 1367. *Id.*

In the pending motion, Mayberry argues that the court should remand this case to State court because he proceeds solely on a State law claim of negligence. In response,

Defendant Buss argues that the motion to remand is premature because the court has not yet screened the complaint pursuant to 28 U.S.C. § 1915A. However, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The motion to remand asserts a lack of subject matter jurisdiction, so the court cannot find that Mayberry filed it prematurely.

Next, Defendant Buss argues that Mayberry asserted a claim under Section 1983, pointing to the complaint paragraphs referencing federal law. Based on this court's substantial experience with *pro se* pleadings, the court agrees that, as a general proposition, it would not be unreasonable to construe Mayberry's complaint as seeking relief under Section 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, here, Mayberry, as master of his complaint, has expressly advised that he intends to seek injunctive relief only on a State law claim of negligence, and his complaint in its present form is not inconsistent with this characterization. Consequently, the court finds that Mayberry has not asserted any Section 1983 claims in his complaint, so a Section 1983 claim cannot serve as a basis for federal question jurisdiction. Because Defendant Buss offers no other basis to establish subject matter jurisdiction, the court will grant the motion to remand.

For these reasons, the court:

(1) GRANTS the motion to remand (ECF 10); and

(2) REMANDS this case to the LaPorte Circuit Court, Case No. 46C01-2602-CT-638, due to lack of subject matter jurisdiction.

SO ORDERED on September 2, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT